# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GILBERT SALGUERO,

Plaintiff,

v.                                                                                          Civil No. 02-319 WJ/LCS

THE CITY OF CLOVIS,

Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART MOTION FOR ATTORNEY FEES

THIS MATTER comes before the Court upon Defendant's Motion for Award of Attorney Fees, filed May 22, 2003 **(Doc. 68)**. This Court dismissed all of Plaintiff's claims in a Memorandum Opinion and Order entered on April 22, 2003 (Doc. 63), which granted Defendant's motion to dismiss, or in the alternative, for summary judgment on all of Plaintiff's claims. In the instant motion, Defendant seeks fees under 42 U.S.C. § 1988 relating to its successful defense of Count II of the complaint which alleged various violations under 42 U.S.C. § 1983: (1) violation of procedural due process, (2) violation of substantive due process, (3) violation of equal protection, (4) invasion of privacy, (5) deprivation of liberty interest during the termination of Plaintiff's employment and (6) violation of Miranda rights.

*Whether Defendant is Entitled to Fee Award*

Plaintiff's claims of violation of equal protection, invasion of privacy, deprivation of liberty interest and violation of Miranda were dismissed for failure to state a claim under

Fed.R.Civ.P.12(b)(6).  Doc. 63 at 22 ("Nothing in Plaintiff's Complaint mentions the equal protection clause of the Fourteenth Amendment. . . . and "[n]othing in Plaintiff's Complaint even hints at claims for invasion of privacy, deprivation of a liberty interest, or violation of Miranda rights"). Plaintiff's substantive due process claim was found to be precluded by the doctrine of collateral estoppel based on Plaintiff's administrative appeal of his termination, *and* also dismissed under Rule12(b)(6).  Doc. 63 at 22 (noting that allegations purporting to set forth substantive due process claim failed to meet "even the minimal notice requirements of Rule 8." As to Plaintiff's procedural due process claim, the Court stated that Plaintiff's contradictory statements in his affidavit regarding his alleged termination date "is an attempt to create a sham fact issue. "  Doc. 63 at 3.

> A defendant in a civil rights action may recover attorney's fees from the plaintiff only if the district court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412 (1978). Plaintiff is correct that the fact that he has ultimately lost his case is not in itself a sufficient justification for the assessment of fees, but rather if the claims were groundless or without foundation. See Hughes v. Rowe, 449 U.S. 5 (1980).  However, neither must there be a finding of subjective bad faith in the assertion of those claims.  Based on this standard, I find that the rationale for the dismissal of Plaintiff's claims in Count II meets the Christianburg criteria.

Of the six theories asserted by Plaintiff in Count II, four were dismissed on the basis for failure to state a claim; one was also dismissed under Rule 12(b)(6) which did not meet even minimal notice requirements; and the other (procedural due process) would not have remained a

2

viable claim proceeding past the 12(b)(6) threshold had Plaintiff not raised an issue by creating a sham fact. Nevertheless, Defendant was required to defend against all of these claims. In considering Count II as a whole, I conclude that Plaintiff asserted these claims with little if any forethought and could easily be said to have brought these claims in order to vex or harass the Defendant.[1]  See Hensley v. Eckerhart, 461 U.S. 424, 429 n. 2 (1983), cited in Houston v. Norton, No. 99-1174, 215 F.3d 1172, 1175 (10th Cir. 2000) (prevailing defendant may recover an attorney's fee award only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant). Thus, I find that under the circumstances in this case, Defendant is entitled to a fee award. The remaining question is the amount of the award.

*Amount of Fee Award*

This Court has discretion to determine the amount of a fee award. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). To make the initial determination of what amount is a reasonable fee, the Court should take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id., 461 U. S. at 433. The product of this multiplication is called the lodestar. The lodestar provides an "objective basis on which to make an initial estimate of the value of a lawyer's services." Id. The district court may either accept the lodestar as the reasonable amount to award the prevailing party, or the court may adjust the lodestar upward or downward, depending on the circumstances of the case. There is no precise rule or formula; the court has discretion in making this equitable judgment. Id. at 436- 37.

I find that Defendant's requested hourly rates of $100.00 (for Mr. Walz and Mr. Bitterlich) and $125.00 (for Mr. Trujillo) are reasonable. Defendant has submitted time sheets

---

[1] I note that the complaint was never amended throughout the litigation.

highlighting those portions of time which are directly attributable to the defense of Count II and in yellow for other time incurred, such as depositions. The fee calculated from the amount of time directly attributable to the defense of Count II is $2,890.00. Other expenses (in yellow) amount to $14,083.50, a third of which amounts to $4,647.50. Plaintiff's objection to the Defendant's arbitrary calculation of an award of fees in this latter category is well-taken, although there may not be too many other ways to pro-rate expenses for depositions, travel and similar out-of-pocket expenses.

Plaintiff's other objection, the economic disparity between the parties, is also deserving of this Court's consideration. Chestand v. Med'l Technology & Research Authority, Nos. 98-6464, 99-6016, 2000 WL 804609 (10th Cir.Okla) (district court awarded defendant $500.00 instead of the requested $16,582.00, based on economic disparity of parties), citing Gibbs v. Clements Food Co., 949 F.2d 344 (10th Cir. 1991) (nonprevailing plaintiff's financial condition and resources are relevant to a court's equitable decision on the amount of attorney's fees to be awarded). However, I note that Plaintiff does not present the Court with an affidavit or any other documentation which would support his protestations of possible insolvency and bankruptcy should a fee award be granted. Gibbs, 949 F.2d at 345 (party seeking to reduce the amount of attorney's fees because of limited finances has the burden to plead and establish his or her financial status). Accordingly, balancing the reasonable lodestar amount requested by Defendant and the equitable considerations mentioned above, I find that $1,000.00 is an appropriate amount of a fee award to which Defendant is entitled.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Award of Attorney Fees (**Doc. 68**) is

GRANTED in that Plaintiff shall pay Defendant an amount of **$1,000.00**.

                                                      UNITED STATES DISTRICT JUDGE